# IN THE COURT OF APPEALS OF IOWA

No. 20-0148
Filed September 22, 2021

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**BRYAN HOLMES,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, DeDra Schroeder, Judge.

Bryan Holmes appeals his convictions for three counts of third-degree sexual abuse. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Badding, JJ.

**BADDING, Judge.**

Bryan Holmes appeals his convictions for three counts of third-degree sexual abuse following a December 2019 jury trial. The district court imposed sentences of no more than ten years in prison on each count, with two sentences running concurrently to each other and consecutively to the third. Holmes filed his notice of appeal in January 2020.

Holmes claims his trial counsel provided ineffective assistance by failing to object to a jury instruction our supreme court found was erroneous in *State v. Shorter*, 945 N.W.2d 1, 11 (Iowa 2020). Effective July 1, 2019, the legislature modified Iowa law to eliminate a defendant's ability to pursue a claim of ineffective assistance of counsel on direct appeal from a criminal conviction. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (2020)). Holmes challenges the amendment to Iowa Code section 814.7 on constitutional grounds, but our supreme court rejected similar challenges while this appeal was pending. *See State v. Treptow*, 960 N.W.2d 98, 107-08 (Iowa 2021) (rejecting claims that the amendment violates due process and deprives a defendant of the right to effective assistance of counsel); *State v. Tucker*, 959 N.W.2d 140, 151 (Iowa 2021) (rejecting claim that the amendment violates the separation-of-powers doctrine).

Because Holmes appealed after the amendment took effect, we cannot decide his ineffective-assistance claim.[1] *See* Iowa Code § 814.7 (stating ineffective-assistance claims "shall not be decided on direct appeal"); *accord State*

---

[1] Holmes raises an alternative argument, asking us to adopt the plain error rule rather than decide his claim under an ineffective-assistance-of-counsel rubric. Our supreme court has refused to do so, most recently in *Treptow*, 960 N.W.2d at 109 ("We have repeatedly rejected plain error review and will not adopt it now.").

*v. Warren*, 955 N.W.2d 848, 856 (Iowa 2021) (limiting consideration of ineffective-assistance claims to direct appeals pending on July 1, 2019). Holmes may pursue this claim in a postconviction-relief proceeding. *See* Iowa Code § 814.7 ("An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822.").

**AFFIRMED.**